IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILBUR LEE ELLISON, #223 531, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-885-MHT |
| ) | [WO] |
| STATE OF ALABAMA BOARD OF ) | |
| PARDONS AND PAROLES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Easterling Correctional Facility. Plaintiff argues the Alabama Board of Pardons and Paroles has engaged in a pattern and practice of denying him, a convicted sex offender, fair consideration for parole in violation of his Fourteenth Amendment right to due process and equal protection. *Doc. No. 1*. Pending before the court is Plaintiff's request for preliminary injunction. He seeks to enjoin Defendant from automatically denying parole to eligible inmate sex offenders rather then affording them fair consideration for parole. Upon review of the pending motion, the court concludes that the motion for preliminary injunction is due to be denied.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following

prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);  *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain  Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'"  *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of*

*Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims. He likewise fails to establish he will suffer irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs in favor of the Defendant as issuance of the requested injunction would interfere with the ability of parole board members to effectively manage the daily operations of the Parole Board. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Plaintiff has failed to meet his burden of persuasion in establishing the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for preliminary injunction (*Doc. No. 1*) be DENIED.

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE