IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILBUR LEE ELLISON, #223 531, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-885-MHT |
| | ) | [WO] |
| STATE OF ALABAMA BOARD OF | ) | |
| PARDONS AND PAROLES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's motion to certify class under Federal Rule of Civil Procedure 23. Upon consideration of the motion to certify case as a class action, the court concludes this motion is due to be denied.

In this 42 U.S.C. § 1983 action, the *pro se* inmate Plaintiff argues the Alabama Board of Pardons and Paroles has engaged in a pattern and practice of denying him, a convicted sex offender, fair consideration for parole in violation of his Fourteenth Amendment right to due process and equal protection. *Doc. No. 1*. Plaintiff seeks to represent the interests of other inmate sex offenders in the custody of the Alabama Department of Corrections eligible for parole. *Doc. No. 3*.

Plaintiff is a a *pro se* inmate unschooled in the law who seeks to represent the interests of all state imprisoned sex offenders eligible for parole. Among the requirements which litigants must meet to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4). An inmate proceeding *pro se*, however, is not an adequate class representative.[1] *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *see also Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)." The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407; *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980).

The court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Further, the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits, and the questions of fact common to the proposed class members do not predominate over such questions. Fed. R. Civ. P. 23(b)(3); *see also England*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion to certify case as a class action (*Doc. No. 3*) be DENIED; and

---

[1] Plaintiff cannot save his request to certify this case as a class action by suggesting the appointment of counsel who is able to fairly and adequately protect the interests of the class. By order of August 29, 2014, the court denied Plaintiff's separate motion for appointment of counsel. *See Doc. Nos. 4, 7*.

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE