IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILBUR LEE ELLISON, #223531, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-885-WHA |
| | ) |
| EXECUTIVE DIRECTOR CYNTHIA S. DILLARD, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, plaintiff Wilbur Lee Ellison ("Plaintiff"), an inmate of the Alabama Department of Corrections, claims that Defendants Cynthia Dillard, Cliff Walker, Robert P. Longshore, and Billy Wynne violated Plaintiff's due process and equal protection rights by denying him parole.[1] Plaintiff sues Defendants in their official capacities only, and Plaintiff seeks declaratory and injunctive relief.[2]

Defendant filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. No. 50. Upon receipt of Defendants' special report, the court entered an order directing Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioned Plaintiff that "at some time in the future the court will treat Defendants' report and Plaintiff's response as a dispositive motion and response." Doc. No. 51 at

---

[1] In accordance with the prior proceedings and orders of the court, this action is going forward on the amended complaint filed by Plaintiff on November 24, 2014, and the amendment thereto filed December 29, 2014. *See* Doc. Nos. 20, 32, 33, 36, 37.

[2] Because Plaintiff does not sue Defendants in their individual capacities or seek money damages, the Court does not address Defendants' related immunity defenses. Doc. No. 50 at 8-10.

1. Plaintiff responded to Defendants' report. Doc. No. 54. Additional discovery materials were filed. Doc. Nos. , 65, 66, 67, 68, 69. The court will treat Defendants' report as a motion for summary judgment, and the court concludes that this motion is due to be resolved in favor of Defendants.

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former Fed. R. Civ. P. 56 omitted; "issue" altered to "dispute" to reflect the stylistic change in the current rule). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alterations added). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence

beyond the pleadings, that a genuine dispute material to the case exists. *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ."); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (court considers facts pled in a plaintiff's sworn complaint when considering his opposition to summary judgment"). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam). Only disputes involving material facts are relevant, and what is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation by the court, a pro se litigant does not escape the burden of sufficiently establishing a genuine dispute of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's pro se status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material so as to preclude summary judgment on his claims against Defendants. *Matsushita*, 475 U.S. at 587.

### III. MATERIAL FACTS

The court views the evidence in the light most favorable to Plaintiff, the nonmoving party. Dillard is the retired Executive Director of the Alabama Board of Pardons and Parole ("Parole Board"); Walker is the current Chairman of the Parole Board; and Longshore and Wynne are current Associate Members of the Parole Board. Doc. No. 50 at 1. Plaintiff is serving sentences for multiple sex offenses, and his crimes involved young girls. *Id.* at 3; *see* http://www.doc.state.al.us (last visited June 5, 2017); https://v2.alacourt.com (last visited June 5, 2017).

Plaintiff states he declined a plea offer to 20 years in prison for a class A felony because he would not be eligible for parole. Doc. No. 33 at 6. Instead, he asserts, he pleaded guilty in 2002 to several class B felonies because they provided for parole consideration after he served one-third of his sentence. *Id.* Despite serving one-third of his sentence, Plaintiff has been denied parole, most recently in 2014. Doc. No. 50-1. Plaintiff states the only reason he has been denied

4

parole is because he is a sex offender. Doc. No. 33 at 4.

In her role as Director of the Parole Board, Defendant Dillard's position was subordinate to the Parole Board, and she did not supervise or participate in the decision to grant or deny Plaintiff parole. Doc. No. 50-5 at 1. Defendants Walker, Longshore, and Wynne all participated in the decision to deny Plaintiff parole, and the standard they used to determine Plaintiff's parole provided:

> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned.

Doc. Nos. 50-2, 50-3, 50-4, 67, 68, 69.[3] Walker, Longshore, and Wynne swear they could not participate in, or be bound by, a plea agreement; they considered all the required factors in determining whether Plaintiff should be granted parole; they did not handle his case any differently than any other case; and they all indicate they believe that sex offenders should not be barred from parole. Doc. Nos. 50-2, 50-3, 50-4, 67 at 1, 68 at 1-2, 69 at 1. Dillard swears she has not contributed in any way to a decision to deny parole to a sex offender on the sole basis that the person is a sex offender. Doc. No. 66 at 2. Plaintiff's next parole consideration date is August 2019. Doc. No. 50-1.

## IV. DISCUSSION

---

[3] The statute, Ala. Code § 15-22-26, was amended in 2015. *See* 2015 Ala. Laws Act 2015-185 (S.B. 67).

5

### A. Plea Agreement

Plaintiff argues he pleaded guilty to several class B felonies instead of one class A felony so that he would be eligible for parole. He states he has not received the agreement he bargained for because the Parole Board is not fairly considering him for parole. To the extent Plaintiff is challenging his plea agreement or continued confinement in prison, such relief cannot be given through a suit brought under 42 U.S.C. § 1983, but instead must be sought through a petition for a writ of habeas corpus, after exhausting available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In *Preiser*, the Supreme Court recognized that it would frustrate habeas principles requiring exhaustion of issues in state court if inmates could attack the validity or length of their confinement in a § 1983 action without first exhausting state remedies. Consequently, summary judgment is due to be granted to Defendants on Plaintiff's claim that he is entitled to different parole consideration based upon his plea agreement.

### B. Due Process

Plaintiff argues his due process rights were violated because he was not fairly considered for parole. Plaintiff does not argue he has a liberty interest in receiving parole and instead argues he has a liberty interest based on a statutory requirement to be fairly considered for parole. Doc. No. 54 at 5.

Summary judgment is due to be granted on this claim. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The Due Process Clause provides protection in the form of procedural due process and substantive due process, and a violation of either may be remedied under § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555-56 (11th

Cir. 1994) (en banc).

To demonstrate a violation of a procedural due process right, Plaintiff must show he has a liberty interest at stake, and Defendants deprived him of that liberty interest by failing to provide the process that was due to him. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). But it is well settled that Alabama inmates do not have a liberty interest in parole. The Alabama parole statute is discretionary, not mandatory, and it creates no liberty interest for inmates. *See Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (The Alabama parole statute "directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole. . . . When the statute is framed in discretionary terms there is not a liberty interest created."); *see also Ellard v. Ala. Bd. of Pardons & Paroles*, 824 F.2d 937, 942 (11th Cir. 1987) ("[T]he mere possibility of parole provides simply 'a hope that is not protected by due process.'"). It is also well settled that Plaintiff does not possess a liberty interest in being granted parole that is protected directly under the Due Process Clause of the United States Constitution. *See Swarthout*, 562 U.S. at 220 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); s*ee also Heard v. Ga. State Bd. of Pardons & Paroles*, 222 F. App'x 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-42; *Thomas*, 691 F.2d at 488-89. Consequently, Plaintiff does not have a liberty interest at stake that gives rise to procedural due process protections, and Defendants are entitled to judgment as a matter of law on Plaintiff's procedural due process claim.

Nevertheless, substantive due process requires that even when there is no liberty interest

involved, states cannot act arbitrarily and capriciously by engaging in behavior that "shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "This is a high standard—'[o]nly the most egregious official conduct will be the sort of abusive executive action that can be sufficiently arbitrary for constitutional recognition as a potentially viable substantive due process claim.'" *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795 (11th Cir. 2017) (citation omitted); *see also Slakman v. Buckner*, 434 F. App'x 872, 875-76 (11th Cir. 2011) (discussing substantive due process in context of parole denial); *Thomas*, 691 F.2d at 489. Based on the summary judgment record, no reasonable juror could find Defendants acted arbitrarily and capriciously. Defendant Dillard did not supervise or participate in the decision to grant or deny Plaintiff parole, therefore she cannot be held liable for the decision to deny Plaintiff parole. Doc. No. 50-5 at 1. As for Defendants Walker, Longshore, and Wynne, they considered all the required factors in determining whether Plaintiff should be granted parole, and they did not handle his case any differently than any other case. Doc. Nos. 50-2, 50-3, 50-4. All Defendants indicate that sex offenders should not be barred from parole. Doc. Nos. 66 at 1, 67 at 1, 68 at 1-2, 69 at 1. Defendants' decisions were reasonable and appropriate action, not arbitrary and capricious. *Cf. Harrell v. Fla. Parole Comm'n*, 479 F. App'x 234, 236–37 (11th Cir. 2012) (upholding substantive due process claim dismissed for failure to state a claim "because the decision whether to grant or deny parole is within the Commission's discretion, and [inmate] did not plausibly allege that the Commission acted arbitrarily and capriciously in denying him parole"); *Slakman*, 434 F. App'x at 875 (affirming preservice dismissal of substantive due process claim because parole board's consideration of the gravity of the offense was "not the type of 'most egregious conduct' required in an arbitrary and capricious analysis") (citation omitted). Summary judgment is therefore due to

be granted in favor of Defendants with respect to Plaintiff's due process claims. *See Celotex*, 477 U.S. at 322-24.

## B. Equal Protection Clause

Plaintiff claims that Defendants denied him parole eligibility, not just parole, itself, because Plaintiff is a sex offender, in violation of his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment generally requires states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A prisoner demonstrates an equal protection claim by showing "(1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006) (citations omitted). Where there is no protected class or fundamental right at stake, the level of scrutiny is at its lowest, and the court considers only whether the state action is rationally related to a legitimate government purpose. *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009) (citations omitted).

As previously discussed, parole is not a fundamental right, and inmates do not have a liberty interest in it. In addition, neither inmates nor sex offenders are members of a protected class requiring heightened scrutiny of disparate governmental action. *See Windwalker v. Governor of Ala.*, 579 F. App'x 769, 774 (11th Cir. 2014) ("sex offenders are not considered a suspect class in general") (quotation marks and citation omitted). To state a claim of equal protection as a "class of one," a plaintiff must allege that (1) he is similarly situated to (2) "comparators [who are] prima facie identical in all relevant respects," and that (3) defendants have intentionally treated him

differently, (4) without any rational basis. *See Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). Consequently, Plaintiff's equal protection claim is analyzed under the rational basis standard.

First, Plaintiff fails to create a genuine dispute whether he was treated differently than other similarly situated persons. Since this case is before the court on a properly supported motion for summary judgment from Defendants, Plaintiff bears the burden of producing some probative evidence to show that he was similarly situated to others who were treated differently. *Celotex*, 477 U.S. at 322-24. Plaintiff fails to meet this burden, as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from Defendants. Second, no reasonable juror could conclude that Defendants' actions were not rationally related to a legitimate government purpose. Instead, it is clear from the undisputed evidentiary materials that Defendants Walker, Longshore, and Wynne refused to grant Plaintiff parole based on their determination, after reviewing his record and considering all the relevant factors and not solely Plaintiff's crime, that he did not warrant release into society. Based on this summary judgment record, the decision not to grant parole to Plaintiff, a sex offender, is rationally related to the state's interest in protecting the public and ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Heller v. Doe*, 509 U.S. 312, 321 (1993) ("A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality.") (quotation marks and citations omitted); *United States v. Payne*, 181 F.3d 781, 785-86 (6th Cir. 1999) ("A state's rules governing the terms of parole may infringe on constitutionally protected liberties as long as the rules are reasonably related to the purposes of parole."); *Windwalker*, 579 F. App'x at 774 (state sex offender registry act meets rational basis

test); *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004) ("Treating sex offenders differently than others not convicted of these crimes is rationally related to a legitimate state objective.") (citing cases); *Guthrie v. Ala. Bd. of Pardons & Paroles*, No. 2:14-CV-716-WKW, 2014 WL 6065375, at *7 (M.D. Ala. Nov. 12, 2014) (adopting report and recommendation) ("The current parole statute regarding the ineligibility of parole to Alabama inmates convicted of sex offenses involving a child convicted on or after October 1, 2005, is rationally related to the state's interest in protecting the public at large and children in particular."); *Grenemyer v. Gunter*, 770 F. Supp. 1432, 1438 (D. Colo. 1991) (discretion given to parole board by legislature was rationally related to a legitimate governmental purpose because "[u]nlike other prisoners, obedient behavior in a prison does not indicate that the sex offender has truly reformed. Sex offenders are not placed in circumstances which show that they have [been] rehabilitated."); *and see Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (denying good time credits "to prisoners based on their criminal record is rationally related to the state's interest in preventing the early release of serious offenders") (citation omitted); *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986) (rejecting equal protection claim of sex offenders denied placement at the honor farm). To the extent Defendants may have imposed stricter parole requirements on Plaintiff as a sex offender, the action bears a rational relation to a legitimate government purpose, and it did not violate Plaintiff's right to equal protection under the law. Consequently, summary judgment is due to be granted on this claim.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

11

1. The motion for summary judgment on behalf of the Defendants be GRANTED;

2. Judgment be GRANTED in favor of Defendants;

3. This case be DISMISSED with prejudice in accordance with Federal Rule of Civil Procedure 56.

It is further

ORDERED that on or before June 20, 2017, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE, this 6th day of June, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE